UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY PERKINS,

        Plaintiff,

v.                                                        Case No. 22-CV-1125

JEFFREY LAWRENCE, ERIC NORMAN,
EMIL TONEY, CPS KOEHLER,
DANIEL CUSHING, SECURITY DIRECTOR KIND,
and CLEARY,

        Defendants.

## ORDER

Plaintiff Gregory Perkins, who is confined at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Perkins also filed a motion for leave to proceed without prepayment of the filing fee (ECF No.4), and a motion to appoint counsel (ECF No. 12). This order screens Perkins's complaint and resolves these motions.

The court has jurisdiction to resolve Perkins's motions and to screen the complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Perkins was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On October 17, 2022, Perkins filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) That same day the court ordered that Perkins pay $9.99 as an initial partial filing fee by November 16, 2022. (ECF No. 5) Perkins paid the fee on November 8, 2022. The court will grant Perkins's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

*Perkins's Allegations*

Perkins alleges that while incarcerated at Oshkosh Correctional Institution he filed a Prison Rape Elimination Act (PREA) complaint on behalf of another Oshkosh inmate, Timothy Behrensprung, because Behrensprung had been consistently sexually harassed and assaulted by another inmate for over 10 years. (ECF No. 1, ¶ 8.) Defendant Jeffrey Lawrence was assigned to investigate the PREA complaint. (*Id.*)

After Perkins filed the PREA complaint, and during the course of the investigation, he was told he was being transferred to Green Bay Correctional Institution (GBCI). (ECF No. 1, ¶ 8.) He alleges that defendant CPS Koehler labelled him as "Gay/Bisexual" in "WICS, a system used by the [Department of Corrections]," even though Koehler knew he was not gay. (*Id.*) Koehler also placed a "keep separate" order and a "special handling" label in WICS. (*Id.*) Additionally, defendant Security Director Kind approved Koehler's actions. (*Id.*) He also alleges that Lawrence and Norman "targeted" him but does not explain how. (*Id.*)

Upon arriving at GBCI defendant Daniel Cushing retaliated against Perkins for filing the PREA report by intentionally calling Perkins "gay" in front of other prisoners; joking that he was trying to have sex with Behrensprung (who was transferred to GBCI at the same time as Perkins) in front of other prisoners; and intentionally locking Perkins and Behrensprung in a cell together even though Perkins had an order in place to not have a cellmate due to health issues. (ECF No. 1, ¶¶ 8-9.) Additionally, Cushing gave Perkins a conduct report resulting in 79 days

4

in segregation by falsely accusing him of writing a request slip for Behrensprung to Behrensprung's social worker. (*Id.*, ¶ 8.) As a result of these actions, Perkins states his depression has worsened. (*Id.*) He seeks $150,000 in damages and for his record in WICS to be cleared. (*Id.* at 5-6.)

*Analysis*

Perkins claims that the defendants violated his constitutional rights by retaliating against him after he filed a PREA complaint. Because Perkins does not include any allegations against defendants Emil Toney and "Cleary," they are dismissed.

To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Filing a PREA claim is an activity that is protected by the First Amendment. *See Lindell v. Meli*, Case No. 18-C-2027, 2021 WL 948771 at *7 (E.D. Wis. Mar. 12, 2021). Perkins alleges that all the remaining defendants were motivated to retaliate against him because he filed a PREA report.

Perkins alleges he suffered deprivations likely to deter him from engaging in an activity protected by the First Amendment. He states that Koehler intentionally labeled Perkins as "gay/bisexual" even though he knew he was not. At this stage those allegations are sufficient to state a retaliation claim against Koehler. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (noting that prison officials who imply a

5

prisoner is gay to other inmates "increased the likelihood of sexual assaults on him by other inmates").

Perkins further alleges that Security Director Kind knew of and approved of Koehler's actions. As such, he may proceed against Kind on a First Amendment retaliation claim under a theory of supervisor liability. *See Hildebrant v. Ill. Dep't of Nat. Res.,* 347 F.3d 1014, 1039 (7th Cir. 2003).

Perkins may also proceed on a First Amendment retaliation claim against Cushing. He alleges several instances of harassment that resulted from the PREA complaint. Additionally, Perkins alleges an Eighth Amendment cruel and unusual punishment claim against Cushing. While "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," where the verbal harassment increases the risk of harm to the plaintiff and causes psychological damage, it rises to the level of a constitutional violation. *Beal*, 803 F.3d at 358. Perkins may proceed with his Eighth Amendment claim against Cushing.

However, he may not proceed on his claim against Cushing alleging a due process violation under the Fourteenth Amendment for putting him in segregation for 79 days. Due process protections are triggered only if Perkins had a protected liberty interest in staying out of segregation. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.*

6

(quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Perkins did not allege he suffered any sort of atypical hardship while in segregation.

Additionally, Perkins may not proceed on claims against Lawrence and Norman. He states that they "targeted" him but does not explain how. While the Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff give only "a short and plaint statement of the claim," and "specific facts are not necessary," the allegations still have to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55 (internal citations omitted)). Perkins's allegations do not do that. Lawrence and Norman are dismissed.

## MOTION TO APPOINT COUNSEL

Perkins also filed a motion requesting the court appoint him counsel. (ECF No. 12.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

7

precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Perkins has provided no evidence that he attempted to hire a lawyer on his own. Accordingly, the court will deny his motion. If after a reasonable attempt to hire a lawyer he cannot find one, Perkins may refile his motion asking the court to recruit counsel to represent him.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Perkins's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Perkins's motion to appoint counsel (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDRED** that defendants Jeffrey Lawrence, Eric Norman, Emil Toney, and Cleary are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants CPS Koehler, Daniel Cushing, and Security Director Kind. It is **ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Perkins shall collect from his institution trust account the $340.01 balance of the filing fee by collecting monthly payments from Perkins's prison trust account in an amount equal to 20% of the preceding month's income credited to Perkins's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Perkins is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Perkins is confined.

9

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Perkins is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Perkins is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Perkins's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Perkins may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 3rd day of January, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge