UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY PERKINS,

    Plaintiff,

v.                                       Case No. 22-CV-1125

JAMES KOEHLER, *et al.*,

    Defendants.

## ORDER

On January 12, 2023, *pro se* plaintiff Gregory Perkins filed a motion to clarify the way the court described his factual allegations in its January 3, 2023, screening order. (ECF No. 14.) Specifically, Perkins wants to make clear that prisoner Timothy Behrensprung was his friend for 10 years and has not been assaulted for 10 years. (*Id.* at 1.) He also notes that he never shared a cell with Behrensprung, though the court erroneously stated he had. (*Id.* at 2.) The court accepts the clarifications and notes that the clarifications do not change the analysis in its screening order.

Perkins also asserts that the court should have let him proceed against defendants Jeffrey Lawrence and Eric Norman. The court will construe this portion of his motion as a motion to reconsider its findings at screening. The court dismissed Lawrence and Norman at screening because, while Perkins alleged they targeted him, he did not allege how they targeted him or how such targeting violated his

constitutional rights. (ECF No. 13 at 7.) In his motion for reconsideration Perkins provides many more details that could potentially state a claim under 42 U.S.C. § 1983; however, these details were not included in his complaint. If Perkins wants the court to consider these additional allegations against Lawrence and Norman, he must file a motion to amend the complaint, which should include the full proposed amended complaint as an attachment. The court will enclose a copy of the complaint form and instructions.

Perkins should note that any amended complaint he might file would take the place of the original complaint and, therefore, must be complete in itself. Perkins cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). This means that, if Perkins choses to file a motion to amend his complaint to bring a claim against Lawrence and Norman, in addition to including the details he includes in his motion for reconsideration **he must also replead the allegations against the other defendants.** Failure to do so may result in dismissal of claims he was already allowed to proceed on. In short, any amended complaint must be complete in itself and include all allegations Perkins wishes to make against all defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Perkins's motion to clarify (ECF No. 14) is **GRANTED**. The court clarifies its description of the allegations in the screening order as noted above.

**IT IS FURTHER ORDERED** that Perkins' motion for reconsideration is **DENIED**. Perkins may file an amended complaint if he wishes the court to reconsider whether to allow him to proceed on claims against Lawrence and Norman. The clerk of court is directed to include a complaint form with this order.

.

Dated in Milwaukee, Wisconsin this 14th day of February, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge