# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREGORY PERKINS**,

    Plaintiff,

v.                                                              Case No. 22-CV-1125

**JAMES KOEHLER,** *et al.***,**

    Defendants.

# ORDER

On August 28, 2023, plaintiff Gregory Perkins, who is incarcerated and representing himself, filed a motion for reconsideration of the court's January 3, 2023, order denying his motion to appoint counsel. (ECF No. 39.) On September 5, 2023, Perkins filed a second motion to appoint counsel. (ECF No. 43.) The court denied his first motion to appoint counsel because Perkins did not demonstrate that he attempted to hire counsel on his own, a prerequisite to the court determining whether to recruit counsel to represent someone. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). With both his motions, Perkins has now included letters demonstrating that he reached out to attorneys to see if they would represent him. Thus, he satisfied that requirement.

The court must next consider whether Perkins is competent to litigate the case himself. *Id.* "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must

examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019).

This case is in the discovery phase and dispositive motions are not due until September 29, 2023. Discovery consists of written interrogatories (questions) and requests for documents, as well as depositions. A person does not need to be well-versed in the law to ask or truthfully answer questions. Perkins has already filed a motion to compel and has demonstrated that he successfully sent and responded to interrogatories and requests for production of documents..

Concerning dispositive motions, in cases such as this a dispositive motion is typically a motion for summary judgment. In such a motion a defendant moves the court to dismiss the case because it believes there are no genuine disputes of material fact

2

and that the defendant is entitled to judgment as a matter of law. Should the defendant file a motion for summary judgment in this case, Perkins does not need to be well-versed in the law to respond to the motion, nor does he need to contact experts to respond to a summary judgment motion. Summary judgment rises or falls on whether or not a genuine dispute of material fact exists. Perkins clearly knows the facts concerning his case, as his complaint and his motions for clarification of the screening order demonstrate. The court is familiar with the law and does not need Perkins to explain the legal basis of his claim. Instead, the court needs Perkins to tell it which facts asserted by the defendants (if any) are in dispute and the basis for Perkins's contention that those facts are in dispute.

The filings in this case demonstrate that Perkins is capable of clearly communicating his issues and concerns. As such, the court believes he is able to participate in discovery and to respond to a summary judgment motion and tell his side of the story should the defendants file such a motion. The court will deny his motions.

The court notes that Perkins is anxious that he is not following the rules correctly, but through his past motions the court acknowledges that Perkins is making a good faith effort to follow the rules. Additionally, as to Perkins's suggestion that the court is quickly deciding the defendants' motions and letting his sit, the court has a number of other matters that require its attention, including a number of lawsuits brought by other prisoners not unlike that brought by Perkins. Some motions, like a motion for an extension of time, can be dealt with more quickly because they do not require as much

3

analysis as other motions, such as a motion to compel or a motion for summary judgment. The court is not favoring the defendants over Perkins.

**IT IS THEREFORE ORDERED** that Perkins's motion to reconsider the court's ruling denying his motion to appoint counsel and his third motion to appoint counsel (ECF No. 39, 43) are **DENIED**.

Dated in Milwaukee, Wisconsin this 19th day of September, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge
