UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GREGORY PERKINS,**

        **Plaintiff,**

v.                                           Case No. 22-CV-1125

**JAMES KOEHLER,** *et al.*,

        **Defendants.**

## ORDER

On February 1, 2024, the court entered a decision and order granting summary judgment in favor of the defendants and dismissing *pro se* plaintiff Gregory Perkins's case. (ECF No. 74.) On February 13, 2024, Perkins filed a motion for reconsideration, requesting that Chief Judge Pamela Pepper review this court's decision to not appoint Perkins counsel and to grant summary judgment in favor of the defendants. (ECF No. 76.)

Once the parties fully consent to the jurisdiction of a magistrate judge, as here, there is no mechanism for a district court judge to review the decisions or judgments of the magistrate judge. Perkins will have to appeal to the Court of Appeals for the Seventh Circuit to have the decision and judgment reviewed.

However, the court will address the substance of Perkins's motion for reconsideration. While Perkins does not cite a Federal Rule in support of his motion, it appears he is bringing his motion under Fed. R. Civ. P. (59)(e), which allows a party to

file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12, (7th Cir. 2007)). Perkins neither demonstrates a manifest error of law nor presents newly discovered evidence. He simply takes issue with the way the court decided the motion for summary judgment, arguing that the court incorrectly determined that the defendants' actions were not constitutional violations. That is not a basis for reconsidering the court's decision. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court).

As for the court's decision not to recruit counsel, Perkins did not lose the motion for summary judgment because he was unable to properly litigate his case. His response to the defendants' motion for summary judgment was adequate and clearly communicated. The court analyzed the facts and evidence on the record and determined as a matter of law that the defendants were entitled to summary judgment. Even if Perkins had had the assistance of counsel, the court would have reached the same conclusion.

**IT IS THEREFORE ORDERED** that Perkins's motion for reconsideration (ECF No. 76) is **DENIED**.

Dated at Milwaukee, Wisconsin this 5th day of March, 2024.

                        BY THE COURT

                        _____
                        WILLIAM E. DUFFIN
                        United States Magistrate Judge